OPINION
On August 26, 1998, appellant, James C. Jenkins, was practicing with his band in his garage located at 320 State Street, Edison, Ohio. Pursuant to noise complaints from a neighbor, Jack Ames, the Village Marshal cited appellant for failing to keep the volume of live band music at a reasonable level as to not annoy neighbors in violation of Edison Village Ordinance 98.04. It was stipulated that appellant's garage is more than one hundred feet from Mr. Ames's residence. Appellant was found guilty in Mayor's Court and was ordered to pay a $100 fine plus court costs. On September 22, 1998, appellant filed an appeal with the Morrow County Court. On February 23, 1999, appellant filed a motion to dismiss challenging the constitutionality of said ordinance as being vague, overbroad and underinclusive. By journal entry filed June 6, 1999, the trial court denied said motion and affirmed the guilty finding. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN RULING THAT VILLAGE OF EDISON ORDINANCE 98.04 IS NOT UNCONSTITUTIONALLY VAGUE AND VIOLATIVE OF APPELLANT'S RIGHT TO DUE PROCESS, AS THE ORDINANCE DOES NOT GIVE A PERSON OF ORDINARY INTELLIGENCE FAIR NOTICE THAT HIS CONTEMPLATED CONDUCT IS FORBIDDEN.
 II THE TRIAL COURT ERRED IN RULING THAT ORDINANCE 98.04 IS NOT UNCONSTITUTIONALLY OVERBROAD AND IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS, BECAUSE THE ORDINANCE UNNECESSARILY INFRINGES UPON FUNDAMENTAL RIGHTS PROTECTED BY THE FIRST AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
 I, II
Appellant claims the trial court erred in finding the ordinance in question was not unconstitutionally vague or overbroad. We disagree. We note when examining legislative enactments, there must be afforded a strong presumption of constitutionality. Cincinnati v. Langan (1994), 94 Ohio App.3d 22. "In order to prevail, the party asserting that an ordinance is unconstitutional must prove his assertion beyond a reasonable doubt." Id. at 30. Appellant was found guilty of violating Village of Edison Ordinance 98.04 which states in pertinent part as follows:
 SECTION 1. UNNECESSARY NOISE PROHIBITED
No person shall make and no landowner or lawful occupant of land shall permit within any residentially zoned district, the making of noise which by reason of volume, pitch, frequency, intensity, duration or nature annoys or disturbs the comfort peace or health of a person of ordinary sensibilities and not a resident of the property from which the noise emanates. Noise levels in excess of that normally perceptible in the area or in excess of ordinary street traffic noise levels are prescribed by this Ordinance except as hereinafter provided.
 SECTION 2. EXAMPLES OF UNNECESSARY NOISES
The following acts, which constitutes a non-exclusive list, are declared to be in violation of this Ordinance:
 * * * c. Yelling; Shouting. Yelling, shouting, hooting, whistling, or singing.
 d. Musical Instruments. The use of any drum or other musical instrument or device with or without electric amplification.
 SECTION 3
It shall be prima facie violation of this Ordinance when the noise can be heard more than one hundred feet from the property where it is created.
 VAGUENESS
Appellant argues the ordinance is unconstitutionally vague because "it does not give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." Appellant's Brief at 4. In State v. Tanner (1984), 15 Ohio St.3d 1,3, the Supreme Court of Ohio set forth the following test for vagueness: These values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language.
Under this analysis the first branch is easily resolved. We can see no reason why a person of ordinary intelligence would have any difficulty in understanding what is prohibited from the entire text of the ordinance. The prohibition is "noise which by reason of volume, pitch, frequency, intensity, duration or nature annoys or disturbs the comfort peace or health of a person of ordinary sensibilities" including musical instruments which "can be heard more than one hundred feet from the property where it is created." A person of ordinary intelligence should have no difficulty thinking of ways to ensure compliance with the ordinance i.e., turning down volume, practicing indoors. The second branch is also easily resolved. The ordinance stipulates noise which "annoys or disturbs * * * a person of ordinary sensibilities" and "can be heard more than one hundred feet from the property where it is created." A "person of ordinary sensibilities" suggests a reasonableness standard. Only unreasonable noises are subject to enforcement. The distance requirement places "an objective quantifiable number into the ordinance, thus narrowing the scope of its operation." City of Kent v. Boyer (October 9, 1998), Portage App. Nos. 97-P-0107 and 97-P-0108, unreported. Discriminatory and arbitrary enforcement are thereby discouraged by the delineation of a specific distance. The third and final branch involves "fundamental constitutionally protected freedoms." While it is arguable the playing of loud music in one's own garage is a form of free speech, the ordinance does not prohibit the playing of loud music unless it "annoys or disturbs * * * a person of ordinary sensibilities" and "can be heard more than one hundred feet from the property where it is created." The ordinance merely prohibits behavior that invades another person's right to privacy. OVERBREADTH Appellant argues the ordinance is unconstitutionally overbroad because "it unnecessarily infringes upon fundamental rights protected by theFirst and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution." Appellant's Brief at 7. A statute may be overbroad "if in its reach it prohibits constitutionally protected conduct." Akron v. Rowland (1993), 67 Ohio St.3d 374, 387, quoting Grayned v. Rockford (1972), 408 U.S. 104, 114-115. When considering an overbreadth objection, a court must determine "whether the ordinance sweeps within its prohibitions what may not be punished under the First
and Fourteenth Amendments." Id. As already stated, the ordinance does not prohibit the playing of loud music or yelling or shouting unless it "annoys or disturbs * * * a person of ordinary sensibilities" and "can be heard more than one hundred feet from the property where it is created." The ordinance is not aimed at abridging the expression of ideas, but merely places limitations on certain behaviors in order to protect the privacy rights of others. Upon review, we find the trial court did not err in denying appellant's motion to dismiss. Assignments of Error I and II are denied.
The judgment of the County Court of Morrow County, Ohio is hereby affirmed.
EDWARDS, P.J. and MILLIGAN, V.J. CONCUR.